UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                         **DECISION AND ORDER**
                                                         00-CR-9S

PETER GERACE AND
MICHAEL GEIGER,

                        Defendants.

1.      On November 23, 2005, Defendants Peter Gerace and Michael Geiger appeared before this Court and pled guilty to a single-count Indictment, which charged them each with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 371 as it relates to 18 U.S.C. § 1343. Defendants were continued on release with terms and conditions pending sentencing.

2.      On June 26, 2006, this Court sentenced Peter Gerace and Michael Geiger each to, *inter alia*, a term of imprisonment of five months and payment of restitution in the amount of $271,928.

3.      On September 19, 2006, Defendants filed a joint motion requesting that this Court stay their sentences pending appeal pursuant to 18 U.S.C. § 3143(b). The government does not oppose the motion.

4.      An individual who has been found guilty of an offense, has been sentenced to a term of imprisonment, and who has filed an appeal must be detained unless the court finds that (1) clear and convincing evidence establishes that the individual is not likely to flee or pose a danger to the safety of others in the community if released, and (2) the appeal being taken is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of the conviction, an order for a new trial, a sentence that

does not include imprisonment, or a reduced sentence of imprisonment less than the total of time already served.  18 U.S.C. § 3143(b)

5.	This subsection, however, does not entirely preclude a grant of release pending appeal.  The Second Circuit has noted that "[t]hough clearly Congress intended section 3143 to reverse the then prevailing presumption in favor of post-conviction bail, we do not believe it intended . . . to eliminate bail pending appeal."  United States v. Randell, 761 F.2d 122, 124 (2d Cir. 1985).  Regarding the content of the appeal, the Second Circuit has defined "substantial question," as used in 18 U.S.C. § 3143(b), as "one of more substance than would be necessary to a finding that [the appeal] was not frivolous.  It is a close question or one that very well could be decided the other way."  Id. at 125.

6.	This Court has thoroughly reviewed and considered Defendants' Motion for Release and finds no cause to grant it.  In this Court's view, Defendants have not demonstrated that their appeals, even if granted, would likely result in reversal of their convictions or sentences that do not include imprisonment.  18 U.S.C. § 3143(b).  Consequently, Defendants' motion is denied.


IT HEREBY IS ORDERED, that Defendants' Joint Motion for Release Pending Appeal (Docket No. 215) is DENIED.

SO ORDERED.

Dated:  September 28, 2006
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge